Eastern Dist.
February, 1840.

MORTON *vs.* CROSBY ET AL.

MORTON
vs.
CROSBY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

A sale of slaves by authentic act duly registered, where possession is given in the deed and the knowledge of the contract brought home to creditors, cannot be attacked as fraudulent, and inquired into collaterally by a seizing creditor. It can only be set aside by a revocatory action.

The plaintiff alleges, that he purchased six slaves from John H. B. Morton by notarial act, passed the 25th June, 1838, which was duly registered in the office of the Register of Conveyances in New-Orleans, the 29th day of the same month. That on the 10th of August following, F. Buisson, then sheriff of the parish of New-Orleans, seized said slaves in the suit of J. Crosby against J. H. B. Morton and others, and illegally divested him (the petitioner) of the possession, and forcibly detains them, being induced thereto by the said John Crosby. He further alleges, that by their illegal acts they have caused him injury and damage to the amount of one thousand dollars. He annexes his act of sale, and prays judgment for the delivery of said slaves and damages.

The defendant, Buisson, pleaded a general denial, and averred that he made the seizure and took possession of said slaves under an execution issued on a judgment in favor of J. Crosby against Morton and Patterson, and by the direction of said Crosby.

He denies that the plaintiff, Henry E. Morton, is the lawful owner, or has been in possession of said slaves, and that the pretended act of sale under which he claims them, is fraudulent and collusive between him and J. H. B. Morton, and entered into for the sole purpose of defrauding the just creditors of the latter.

Crosby answered by a general denial, and justified his seizure under a judgment he obtained against J. H. B. Morton, the 19th June, 1838, for eleven thousand dollars, who is the brother of the present plaintiff; that the plaintiff was

never in possession, having lately came to this state, and acting as a clerk to his brother J. H. B. Morton. He alleges, the sale was made with a full knowledge of his judgment, which was duly recorded ; that said sale is simulated, fraudulent and collusive, and can have no effect as to creditors of the vendor and third persons. He denies that he has occasioned the plaintiff any damage, and prays that the sale set up be declared null and void, and that he be allowed to proceed with his seizure.

Upon these pleadings and issues the cause was tried.

On the trial, the district judge admitted parole evidence, to show that the vendor had, in fact, always remained in the possession of the slaves in contest ; but restricted its application to the claim for damages.

The defendant's counsel objected to the act of sale to the plaintiff as fraudulent and collusive, and offered his judgment, mortgage and other testimony in support of his claim, as it was shown the plaintiff had never been in possession of the negroes. The court admitted the act of sale to be read in evidence, so far as related to the damages, and expressly said that it could only be set aside by a direct revocatory action. It rejected the defendant's testimony for any other object than to repel the claim for damages. The defendant excepted to the opinion of the court. It was shown that Crosby knew of the sale to Morton before his seizure. There was judgment in favor of the plaintiff, giving him the possession of the slaves, from which the defendant, Crosby, appealed.

*Preston*, for the plaintiff, contended, that Crosby was apprized of the sale before his seizure, and that the slaves were put in possession of J. H. B. Morton, for a short time only, while the plaintiff was absent from the state. The seizure was therefore illegal, the seizing creditors knowing these facts.

2. The sale cannot be attacked collaterally ; the only remedy is by a direct action of nullity. *Louisiana Code,* 1964–5–6.

*L. C. Duncan*, for the defendant, insisted that the defen- dants' evidence should have been received, to prove the fraud of the plaintiff. It was competent to do this, and to disre- gard the sale as fraudulent and collusive, and as giving no title whatever. See case of Weeks *vs.* Flower. 9 *La. Reports*, 379.

*Bullard, J.*, delivered the opinion of the court.

This action was instituted to recover possession of certain slaves, alleged to be the property of the plaintiff, which had been levied upon by one of the defendants, then sheriff, under an execution issued upon a judgment against the plaintiff's vendors. The plaintiff exhibited an authentic sale, and duly registered in the office of the Register of Conveyances. The defence set up by the seizing creditor of the plaintiff's ven- dor is, that the sale was simulated, collusive and fraudulent. That in fact no possession was ever given, and that the whole was intended to defraud the creditors of the vendor.

At the trial, the defendants offered evidence to prove that the sale to the plaintiff was fraudulent and collusive; that the plaintiff had never been in possession of the slaves. This was objected to, on the ground that the sale annexed to the plaintiff's petition could only be set aside by a revocatory action, and it was admitted that the defendant knew of the conveyance before the seizure. The court refused to admit the evidence, except to repel the claim for damages; but which, in fact, the plaintiff had waived, and the defendant took a bill of exceptions.

The general rule recognized by this court is not contested, to wit: that when a purchaser is in possession under a con- veyance, the question of fraud cannot be inquired into colla- terally, commencing with a seizure ; but the defendants' counsel endeavors to distinguish this case, and to bring it within the exception settled by the case of Weeks *vs* Flower, 9 *Louisiana Reports*, 375. In that case, one if not more of the acts of sale, was under private signature. The sale was of lands, slaves and household furniture, and might be said to be *omnium bonorum*, and the vendor continued to reside on the

place as usual. In the case now before the court, the sale is of slaves by authentic act, and possession given by the deed itself, and knowledge of the existence of the contract brought home to the seizing creditor. That case turned principally upon article 2417, of the Louisiana Code, which declares that a sale under private signature shall have effect against creditors, and third persons generally, only from the day on which such sale was registered in the office of a notary, and actual delivery. In the present case, the deed was registered in the office of the Register of Conveyances. We conclude, therefore, that the court did not err in refusing the evidence.

The judgment of the District Court is, therefore, affirmed with costs.

*EASTERN DIST.*
*February,* 1840.

A sale of slaves by authentic act, duly registered, where possession is given in the deed, and the knowledge of the contract brought home to creditors, cannot be attacked as fraudulent, and inquired into collaterally by a seizing creditor; it can only be set aside by a revocatory action.

